# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JEANNA MACOCHA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:19-CV-442-JVB-JEM |
| ) | |
| LAKE COUNTY DEPT. OF CHILD ) | |
| SERVICES, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 8] filed by Defendant Lake County Department of Child Services ("DCS") on January 22, 2020. Plaintiff Jeanna Macocha filed a response on January 30, 2020. For the following reasons, the motion is granted.

## ALLEGATIONS IN COMPLAINT

Macocha is litigating this case *pro se*. In her Complaint, which she filed on November 22, 2019, Macocha alleges that, after she lost custody of two of her children, DCS placed them in a neglectful home. It appears that the children were placed with Macocha's father, Robert Macocha. She alleges that Robert Macocha did not take her son for medical treatment and ignored her wishes for his care. She further alleges that Robert Macocha was an alcoholic and was using drugs at the time that he died.

Macocha alleges that her children "are suffering from the damage DCS caused." (Compl. ¶ 1, ECF No. 1). She alleges that DCS and its caseworker, Jessica Garza, lied. Macocha also alleges that the judge who ordered the removal of her children "had made [unprofessional] and slanderous comments in a previous case. (Compl. ¶ 2, ECF No. 1). She alleges that her phone and email were hacked, but she does not allege by whom. She further alleges that DCS has harassed her, which resulted in emotional and physical injury to her and emotional injury to her children. She requests

damages for emotional injuries and pain and suffering inflicted on her and her children, and she asks the Court to "re look at the case." (Compl. 7, ECF No. 1).

## ANALYSIS

### A. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine prohibits federal district courts from reviewing state court civil judgments, including a prohibition on the Court hearing all claims that are inextricably intertwined with those judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004). Even a wrongly-decided state court decision is beyond the federal court's ability to modify or reverse. *Rooker*, 263 U.S. at 415-16.

The Court infers that Macocha is referring to the state court proceeding that resulted in the termination of her parental rights when she asks the Court to relook at her "case." That proceeding was assigned cause numbers 45D061307JT000132 and 45D061307JT000133 in the Juvenile Division of Lake County Superior Court. The *Rooker-Feldman* doctrine prevents the Court from being able to review the decisions made in state court, so that claim for relief must be dismissed for lack of jurisdiction. Similarly, all claims inextricably intertwined with the state court decision to terminate Macocha's parental rights are also beyond the Court's jurisdiction and are dismissed.

### B. Failure to State a Claim

Macocha's Complaint does not list specific legal theories that she is pursuing, and she does not separate out specific conduct that led to specific injuries, instead joining everything together in her narrative. The Court construes Macocha's claims against DCS's conduct as claims that DCS violated her constitutional rights, including the right to raise her children. *See* 42 U.S.C. § 1983;

*Sanders v. Ind. Dept. of Child Servs.*, 806 F. App'x 478, 480 (7th Cir. 2020) (citing *Sebesta v. Davis*, 878 F.3d 226, 233 (7th Cir. 2017)). It is unclear whether any of Macocha's allegations (for example, her allegations that DCS harassed her and its caseworker lied) are sufficiently independent from the state court decision to avoid preclusion by the *Rooker-Feldman* doctrine. *See Sanders*, 806. F. App'x at 481; *Milchtein v. Chisholm*, 880 F.3d 895, 897-98 (7th Cir. 2018).

The Court need not parse Macocha's claims because any claims that are not barred by *Rooker-Feldman* that Macocha brings in her Complaint are necessarily dismissed under Federal Rule of Civil Procedure 12(b)(6). The Seventh Circuit has synthesized the standard to survive a challenge under Rule 12(b)(6) into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true . . . . Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

In looking at the second requirement, the Court accepts Macocha's factual allegations as true. However, because a state agency is not a "person" for the purpose of a constitutional claim brought under § 1983, any such claims that Macocha may be bringing fail against DCS, the sole defendant named in this lawsuit. *See Sanders*, 806 F. App'x at 480.

Thus, Macocha's claims seeking a review of her state court case and any claims inextricably intertwined with that case are dismissed due to the Court's lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. Any claims for damages due to constitutional violations that are independent of the state court decision and survive application of the *Rooker-Feldman* doctrine are dismissed under Rule 12(b)(6) because DCS cannot be sued for those alleged violations under 42 U.S.C. § 1983.

Macocha has not specifically asked for leave to amend her complaint, but she is litigating pro se, and the Court will permit Macocha to amend her complaint. *See* Fed. R. Civ. P. 15(a) (dictating that leave to amend a complaint should be freely given when justice so requires). If Macocha chooses to file an amended complaint, however, she must not bring claims challenging the state court's orders or asking the Court to review those decisions. Also, as explained above, she cannot bring claims for damages due to constitutional violations under 42 U.S.C. § 1983 against DCS.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Dismiss [DE 8] and **DISMISSES without prejudice** Plaintiff Jeanna Macocha's Complaint. She may file an amended complaint **on or before September 11, 2020**. If she does not file an amended complaint by the deadline, the Court will direct the Clerk of Court to close this case.

SO ORDERED on August 27, 2020.

                                            s/ Joseph S. Van Bokkelen  
                                            JOSEPH S. VAN BOKKELEN, JUDGE  
                                            UNITED STATES DISTRICT COURT

cc:    Plaintiff Jeanna Macocha, *pro se*